```
                                        FILED
                                     IN OPEN COURT

                                     MAY 3 1 2016

                                CLERK, U.S. DISTRICT COURT
                                        NORFOLK, VA
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA          )
                                  )
v.                                )       Criminal No. 2:16cr74
                                  )
SERGEY KOVALENKO,                 )
                                  )
Defendant.                        )

## STATEMENT OF FACTS

The parties stipulate that the allegations in the criminal information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

### Background of the Investigation

1.      In 2014, investigators with the Internal Revenue Service–Criminal Investigation (IRS-CI) received information from a confidential source regarding a Stolen Identity Refund Fraud (SIRF) Scheme. In this scheme, unauthorized individuals stole genuine taxpayers' identities and filed false tax returns, which caused the IRS to issue refunds to the perpetrators of the scheme via Automated Clearing House (ACH) direct deposits. The perpetrators directed those refund deposits to multiple bank accounts which had been opened in the names of individuals from Kazakhstan and other Eastern European countries. These individuals had in each case previously come to the United States on short-term, non-immigrant visas. In order to gain access to the fraudulent tax refunds and other stolen deposits in the bank accounts, the money was withdrawn at multiple Automated Teller Machines (ATMs) in the Eastern District of Virginia and elsewhere.

2.      In addition to filing false tax returns using the stolen taxpayer identities, the perpetrators of this scheme created or took control of other victims' bank accounts and conducted unauthorized transactions, which are also known as "Online Banking Account Takeovers." In these unauthorized bank transactions, the perpetrators sent money from the victims' accounts via ACH electronic deposit to bank accounts in the names of the non-immigrant work-visa holders.

3.      In approximately December 2014, the defendant, SERGEY KOVALENKO, was identified as a perpetrator of these above-described schemes.

<u>SIRF Scheme Activity</u>

4.      Beginning in the fall of 2014 and continuing until his arrest on March 8, 2016, the defendant opened, deposited, and withdrew funds from ten different bank accounts at three different financial institutions – BB&T Bank, Bank of America, and SunTrust Bank.  In so doing, the defendant utilized the personal identifiers of three non-immigrant work-visa holders from Kazakhstan, as well as the personal identifiers of one United States citizen.

5.      By way of example, on December 5, 2014, the defendant opened two bank accounts (ending in -3758 and -0491) at BB&T Bank in the name of S.D. – a short-term, non-immigrant visa holder who left the United States for Kazakhstan in the fall of 2008.  In opening these accounts, the defendant provided S.D.'s Social Security Account Number, address, and date of birth, without the knowledge or authority of S.D.

6.      On January 30, 2015, BB&T Bank account -3758 received an ACH deposit from Republic Bank, a tax refund processor, in the amount of $8,414.02.  This tax refund was a result of a 2014 U.S. Individual Income Tax Return filed in the name K.D. – a United States citizen.



K.D. did not file this tax return and that s/he did not authorize the use of his/her personally identifiable information (PII) in order to file the tax return associated with this refund.

7.   On February 4, 2015, BB&T bank account -0491 received an ACH deposit from H&R Block Bank, a tax refund processor, in the amount of $3,846.98. This tax refund was a result of a 2014 U.S. Individual Income Tax Return filed in the name F.G. – a United States citizen. F.G. he did not file this tax return and that s/he did not authorize the use of his/her PII in order to file the tax return associated with this refund.

8.   Between February 5 and April 23, 2015, the defendant made more than one dozen separate ATM withdrawals from accounts -3758 and -0491 at BB&T, resulting in monetary losses to BB&T Bank.

9.   The defendant repeated the scheme described in paragraphs 5 through 8 above with other accounts at BB&T Bank, as well as with accounts at SunTrust Bank and Bank of America. Each of these entities is a financial institution with deposits insured by the Federal Deposit Insurance Corporation. In total, the PII of 27 tax payers was utilized to file fraudulent U.S. Individual Income Tax Returns to obtain refunds that flowed to these accounts.

<u>Online Bank Account Takeover Scheme Activity</u>

10.   The defendant also used the bank accounts fraudulently opened as described in paragraph 4 to receive funds obtained through a separate Online Bank Account Takeover (OBAT) scheme. Specifically, the bank accounts that the defendant opened using the personal identifiers of others would receive transfers of funds from other victims' bank accounts. Shortly after these unauthorized transfers were completed, the defendant would access the funds and use them for his own purposes, including making cash withdrawals from ATMs and, on at least one occasion, wiring a large sum to Russia.

11.   By way of example, on August 13, 2015, Bank of America bank account -9169, which the defendant had opened using the personal identifiers of S.D., as referenced in paragraph 5, received a transfer from PNC Bank customer M.P. in the amount of $970.00. PNC customer M.P. did not authorize, and was unaware of, this transfer to S.D.'s account. PNC credited the amount back to M.P's bank account, causing a financial loss to PNC bank.

12.   In total, five victims' bank accounts were impacted by the defendant's OBAT scheme activities.

## Conclusion

13.   The losses to the IRS and financial institutions as a result of the defendant's schemes totaled more than $15,000, but less than $40,000.00.

14.   In perpetrating these schemes, the defendant traveled to bank branches in Virginia Beach, Virginia multiple times each day in order to open accounts, make deposits, and withdraw the fraudulently obtained funds.

15.   Virginia Beach, Virginia, is in the Eastern District of Virginia.

16.   The acts taken by the defendant, SERGEY KOVALENKO, in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law and were not committed by mistake, accident, or other innocent reason. The defendant acknowledges that the foregoing Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the government. It does not describe all of the defendant's conduct relating to the offense charged in this case, does not identify all of the persons with whom the defendant may have engaged in

illegal activities, and is not intended to be a full enumeration of all the facts surrounding the defendant's case.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: *V. Kathleen Dougherty*

V. Kathleen Dougherty
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail - v.kathleen.dougherty@usdoj.gov

Defendant's Signature: After consulting with my attorney and pursuant to the plea agreement entered into this day between myself, the United States, and my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

SERGEY KOVALENKO

Defense Counsel's Signature: I am SERGEY KOVALENKO's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Benjamin H. Hamlet, Esq.
Counsel for Defendant