IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 2:16cr74 |
| v. ) | |
| ) | |
| SERGEY KOVALENKO, ) | |
| ) | |
| Defendant. ) | |

POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and V. Kathleen Dougherty, Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guideline range to be a term of 8 to 14 months imprisonment, based upon an Offense Level Total of 11 and a Criminal History Category of I. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and has conferred with defense counsel and the United States Probation Office. The government does not dispute any of the sentencing factors set forth in the PSR, nor the guidelines range calculation, and notes that there are not any outstanding objections from Mr. Kovalenko. The United States submits that a term at the top of Mr. Kovalenko's properly-calculated advisory guidelines range would be sufficient, but not greater than necessary, to fulfill the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

**I.      Background**

On March 8, 2016, Mr. Kovalenko was named in a four-count criminal complaint filed by the U.S. Attorney's Office, charging him with unauthorized use of access devices, false

representation of a social security account number, aggravated identity theft, and bank fraud. On April 1, and again on May 4, the court granted the parties' joint motion for an extension of time to seek an indictment against Mr. Kovalenko. The United States filed a criminal information charging the defendant with a single count of bank fraud, in violation of 18 U.S.C. § 1344, on May 16, 2016.

On May 31, Mr. Kovalenko pleaded guilty to the Criminal Information pursuant to a written plea agreement with the government  On that date, the Court accepted the defendant's guilty plea, found him guilty of the offense charged, and continued the matter until the completion of a PSR. The sentencing hearing in this matter is set for September 22, 2016.

## II. Position on Sentencing and Argument

The government respectfully submits that Mr. Kovalenko should be sentenced to a term of 14 months incarceration.

### A. Nature and Circumstances of the Offense

Over sixteen months, the defendant engaged in two separate financial fraud schemes. See generally PSR ¶ 12. In the first, he managed several bank accounts into which an unknown co-conspirator directed fraudulently-obtained federal income tax return payments. The second involved managing proceeds from an online bank account takeover scheme perpetrated by a co-conspirator. Both schemes involved the use of multiple bank accounts opened using several other individuals' identifiers. In total, Mr. Kovalenko opened, deposited, and withdrew funds from ten different bank accounts at three different banks. Each of these accounts had been opened utilizing the personal identifiers of five people: one United States citizen and four individuals who had previously come to this country from Kazakhstan on short-term, non-immigrant work-visas, but who had left the United States before the defendant began his scheme.

As best as investigators can tell, Mr. Kovalenko first began using another identity in the fall of 2014 and, in December 2014, he opened two bank accounts using the name, address, date of birth and Social Security Account Number of S.D. S.D. had left the country in the fall of 2008. Several more accounts followed, all opened in the same manner. Each of these accounts was then funded with fraud proceeds of two varieties.

First, a series of fraudulent income tax returns resulted in over $46,000 in refunds deposited into the accounts Mr. Kovalenko controlled. Id. ¶ 46. These fraudulent income tax returns – which not filed by the defendant – utilized the personally identifiable information of 27 tax payers. Id. ¶ 12(9). After the refunds were deposited into the multiple accounts the defendant opened and maintained, he withdrew them in cash from ATMs throughout Virginia Beach. The second fraud scheme involved the unauthorized transfer of over $13,000 into these bogus bank accounts. Id. ¶ 16. While the defendant did not, himself, illegally access and transfer these funds, shortly after these transfers were completed, he would access the funds and withdraw them in cash or wire a portion to Russia. Id. ¶ 12(10). In total, five victims' bank accounts at five different financial institutions were impacted by the online bank account takeover scheme of which Mr. Kovalenko played an important role. Id. ¶ 12(12).

Mr. Kovalenko did not voluntarily terminate his involvement with these fraud schemes based on some pang of conscience or understanding that his conduct was fundamentally wrong. Rather his involvement in the offense stopped only when he was arrested on a criminal complaint charging him with various federal offenses in March 2016. See Criminal Compl. (ECF No. 1).

All told, the defendant is responsible for $59,559.36 in loss to various entities. Id. ¶ 17. His offense was complex and, at its core, one of identity theft. For well over a year, the

defendant assumed five different identity to act as a money manager for two larger fraud schemes. His crime impacted several financial institutions, the IRS, and the accounts of numerous individuals. Id. ¶ 8. Notably, based upon the definition of "victim" in the sentencing guideline applicable to his offense, Mr. Kovalenko's advisory sentencing guidelines range does not reflect this significant number of entities and individuals impacted by his offense.[1]

The United States submits that the complexity of his offense, the length of time he participated in it, and the large number of institutions and accounts impacted by his role in these schemes are indicators of the seriousness of Mr. Kovalenko's crime and weigh in favor of a sentence near the top of his advisory sentencing guidelines range.

  B.  History and Characteristics of the Defendant

Born in Kazakhstan, Mr. Kovalenko was raised by his mother, grandmother, and step-father in a supportive, middle-class environment. PSR ¶ 44. He does not know his father, but did have the benefit of two role models with strong work ethics: both his mother and step-father have had long-term employment. Id. ¶ 45. Mr. Kovalenko mimicked this hard work in terms of his education. He completed high school and also obtained a college degree in business, then was successfully able to learn and master a new language upon entering the United States in 2011. Id. ¶¶ 52, 53. He is obviously a well-educated, capable man. The nature of his crime, too,

---

[1] Section 2B1.1 provides enhancements to a defendant's advisory guidelines range if the offense involved a large number of victims (10 or more), or resulted in a "substantial financial hardship" to five or more victims. See U.S.S.G. § 2B1.1(b)(2). No substantial financial hardship resulted as a result of Mr. Kovalenko's conduct. See U.S.S.G. § 2B1.1 cmt. n. 4(F). "Victim" is defined as any person who sustained an actual loss, or whose means of identification was used unlawfully or without authority. See U.S.S.G. § 2B1.1 cmt. n. 1, n. 4(E). Only one of the five identities Mr. Kovalenko used has confirmed s/he did not give permission for his/her identifying information to be used. Further, no account holder whose account was impacted by the online bank account takeover scheme sustained an actual loss, and only two financial institutions confirmed that they suffered a loss. Thus, the total number of "victims" for purposes of Mr. Kovalneko's advisory sentencing guidelines calculation stands at four – two financial institutions, the IRS, and D.W. (who confirmed that his/her identification was used without authority). PSR ¶¶ 19-22.

4

is one requiring intelligence, facility with numbers, and multitasking. Mr. Kovalenko clearly had the ability to earn a living legitimately, and the examples of his mother and step-father about the importance of hard work and not taking short cuts, which makes his offense all the more outrageous.

The defendant entered the United States for the first time in 2008, then returned in 2011, where he has remained. Id. ¶ 46. At this time, he is legally in this country, and settled in Virginia with his wife and young child, who was born here. Id. ¶ 47. Since coming to America, Mr. Kovalenko has lived up and down the Eastern seaboard, working at a variety of unverified employment positions. Id. ¶ 48. He has found work in the restaurant industry, at a moving company, and with a cleaning company. Id. ¶¶ 56-59. It is unclear whether these positions were held lawfully – that is, if he had the proper work authorizations – but we do know that he has never filed a tax return in this country. Id. ¶ 60. He also, of course, supplemented his family's income with proceeds derived from these related fraud schemes.

Mr. Kovalenko is physically, mentally, and emotionally healthy. Id. ¶¶ 49, 50. He did dabble with marijuana, self-reporting using the drug 3 to 4 times per week, but not to such an extent that could be considered substance abuse or might require treatment. Id. ¶ 51. He has exceedingly minimal criminal history, consisting of a sole reckless driving conviction in 2016. He has properly been placed in Criminal History Category I. Id. ¶¶ 38-40.

There is little in Mr. Kovalenko's upbringing to mitigate, let alone explain, his choice to participate in these schemes.

        C.        <u>Other Factors to be Considered Under 18 U.S.C. § 3553(a)</u>

Mr. Kovalenko is facing a maximum term of 30 years imprisonment and 5 years of supervised release, as well as a potential $1,000,000 fine. His conviction may well have

immigration consequences, too. PSR ¶ 47. Among the other factors a sentencing court is to consider under Section 3553(a), the United States would highlight the need for the sentence imposed in this case to reflect the seriousness of the defendant's offense and to promote respect for the law. A sentence of probation, home detention, or community confinement would not fulfill these goals, and would not adequately meet these purposes of sentencing. The sentence imposed should also send a message to Mr. Kovalenko – and others similarly situated – that it is not acceptable to assume someone else's identity to facilitate a larger fraud on the government and on financial institutions. A sentence of 14 months will serve that function.

## III.  Conclusion

The government respectfully submits that a sentence of 14 months' imprisonment is sufficient, but not greater than necessary, to fulfill the purposes of Section 3553(a), and asks the court to impose the same.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
V. Kathleen Dougherty
Assistant United States Attorneys
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
V.Kathleen.Dougherty@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to the following:

Benjamin H. Hamlet, Esq.
1200 Sparrow Road
Chesapeake, Virginia 23325
(Counsel for Sergey Kovalenko)

I HEREBY CERTIFY that on this 15th day of September, 2016, I mailed a true and correct copy of the foregoing to the following:

Jeffrey A. Noll
Senior U.S. Probation Officer
827 Diligence Drive, Suite 210
Newport News, VA 23606

                                          /s/
                                     V. Kathleen Dougherty
                                     Assistant United States Attorneys
                                     United States Attorney's Office
                                     101 West Main Street, Suite 8000
                                     Norfolk, VA 23510
                                     Office Number: 757-441-6331
                                     Facsimile Number: 757-441-6689
                                     V.Kathleen.Dougherty@usdoj.gov